**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

YRANIA ROJAS-MARTINEZ,

     Plaintiff,

         v.                         CIV. NO. 09-2048 (PG)

WILSON ACEVEDO-RIVERA,

     Defendant.

## OPINION AND ORDER

Pending before the Court is defendant Wilson Acevedo-Rivera's motion to dismiss (Docket No. 9). For the reasons set forth below, the Court **GRANTS** his request.

### I. BACKGROUND

On October 8, 2009, plaintiff Yrania Rojas-Martinez (hereinafter "Rojas" or "Plaintiff") filed the above-captioned claim against her husband Wilson Acevedo-Rivera (hereinafter "Acevedo" and "Defendant"). In the complaint, Plaintiff alleges to be an indigent mother of three (3) young children whose husband and herein defendant cut off from all financial support. See *Complaint*, Docket No. 1. Rojas alleges to be a citizen of the Dominican Republic, with legal presence in the United States under a K-3 Alien Relative non-immigrant classification. Rojas avers that her two older children are also citizens of the Dominican Republic, with legal presence in the United States under K-4 Alien Relative non-immigrant classifications. Rojas' third child is a United States citizen and daughter of the Defendant, who is also a United States citizen. According to the complaint, the Defendant sponsored and petitioned for the K-3 and K-4 classifications of Rojas and her two older children. To that effect, Rojas alleges that the Defendant signed and submitted an Affidavit of Support, Form I-134, to U.S. immigration authorities in order to obtain a visa for Plaintiff and her two older children to come to the United States. According to the Plaintiff, the Affidavit of Support contains a promise to provide Rojas and her three children whatever support is necessary to maintain them at an income that is at least 125% of the Federal poverty guidelines during a period of three (3) years from the date of execution.

On or around October of 2008, and relying on the above promises and representations made to her by Acevedo, Rojas alleges that she left her gainful employment situation in the Dominican Republic and relocated with her three (3) children to Aguadilla, Puerto Rico, where all four (4) established common residence with Acevedo. According to Rojas, Acevedo became physically and emotionally abusive towards her and her children immediately upon their arrival to Puerto Rico. As a result, on March 31, 2009, Plaintiff filed assault charges and obtained a protective order against Acevedo.

Plaintiff now alleges that Defendant has willfully failed to provide support and continues to fail to provide support to Plaintiff and her three (3) minor children pursuant to the obligations undertaken by him in the Affidavit of Support. She brings this suit on her behalf and that of her two older children seeking injunctive relief to enforce said Affidavit of Support. Plaintiff also seeks compensatory damages, attorney's fees and costs.

Instead of answering the complaint, the Defendant filed the present motion to dismiss requesting that the Plaintiff's suit be dismissed (Docket No. 9), and the Plaintiff timely opposed (Docket No. 10).

## II. STANDARD OF REVIEW

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief. … This short and plain statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir.2009) (internal citations and quotation marks omitted).

Motions to dismiss brought under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). When ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir.2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)). Courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir.2008) (internal citations and quotation

marks omitted). "Yet [the court] need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009)). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, … , a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

Moreover, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has … held that to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir.2007) (citing Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

### III. DISCUSSION

In the motion to dismiss, defendant Acevedo contends that, pursuant to the applicable law, the I-134 Affidavit he signed that is the object of this case is not a contract that can be enforced against him. See Docket No. 9. In her response, the Plaintiff argues that the caselaw the Defendant relies on is inapposite and that Congressional legislative intent is contrary to what the Defendant now asserts. See Docket No. 10. Unfortunately for the Plaintiff, "[f]ederal Courts have repeatedly sided with [the defendant]." Zirintusa v. Whitaker, No. 05-1738, 2007 WL 30603, at *5 (D.D.C. January 03, 2007) (citing Cheshire v. Cheshire, No. 3:05-CV-00453-TJC-MCR, 2006 WL 1208010, at *2 (M.D.Fla. May 4, 2006) ("[F]ederal courts have consistently found that Form I-134 is not a legally enforceable contract against a sponsor by a sponsored

immigrant."); <u>Stump v. Stump</u>, No. 1:04-CV-253-TS, 2005 WL 1290658, at *4 (N.D.Ind. May 27, 2005) (finding that the I-134 Form "is a nonenforceable promise by the sponsor to support the alien"); <u>Tornheim v. Kohn</u>, No. 00 CV 5084(SJ), 2002 WL 482534, at *4 (E.D.N.Y. Mar, 26, 2002) ("[A]n affidavit of support on an I-134 Form is not a legally binding contract.")).

Among the classes of aliens ineligible for immigrant visas, admission into the United States, or adjustment of status are those who at the time of application are likely to become a "public charge" at any time, <u>see</u> 8 U.S.C. § 1182(a)(4), unless the person petitioning for the alien's admission executes an affidavit of support with respect to such alien, <u>see</u> 8 U.S.C. § 1182(a)(4)(C)(ii). Under 8 U.S.C. § 1183a, also known as section 213A of the Immigration and Nationality Act ("INA"), no affidavit of support will be accepted to establish that an alien is not excludable as a public charge unless the affidavit is executed by the sponsor as a contract: (1) in which the sponsor agrees to provide support to maintain the sponsored alien at an income that is at least 125% of the federal poverty guidelines until the sponsored alien has become a United States citizen, or the alien is credited with forty quarters of work; (2) that is legally enforceable against the sponsor by the sponsored alien, the federal government, any state, or by any other entity that provides any means-tested public benefits to the alien; (3) in which the sponsor agrees to submit to the jurisdiction of any federal or state court. <u>See</u> 8 U.S.C. §§ 1183a(a)(1)(A)-(C) and (a)(2) & (3). Such an affidavit is designated as Form I-864. <u>See</u> 8 C.F.R. § 213a.2(d).

Notwithstanding, it is important to note that "[i]n the past, INS used Form I-134 as the statutory affidavit of support necessary to overcome the public charge ground of inadmissibility for a sponsored immigrant." <u>Cheshire</u>, 2006 WL 1208010 at *2. However, such a form was typically submitted at the discretion of the visa applicant and has consistently been found by federal courts to not be a legally enforceable contract against a sponsor by a sponsored immigrant. <u>See id.</u> (internal citations omitted). In fact, pursuant to 8 C.F.R. § 213a.5, "[t]he obligations of section 213A of the [INA] do not bind a person who executes Form I-134 … ."

In the case before this Court, it is uncontested that the Defendant executed Form I-134 on behalf of Plaintiff and her two older children, as opposed to a Form I-864. As discussed above, it has been held that Form I-134 is not a binding contract between the parties; thus, Plaintiff, the sponsored immigrant, cannot enforce its terms. The Court sees no reason to disagree with

the prior holdings of our sister courts, and thus, hereby **GRANTS** Defendant's motion to dismiss Plainitff's claim for the alleged breach of the affidavit of support.

### IV. CONCLUSION

For the reasons stated above, Defendant's request for dismissal is hereby **GRANTED** (Docket No. 9), and therefore, Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.** Final judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 8, 2010.


S/ JUAN M. PEREZ-GIMENEZ
JUAN M. PEREZ-GIMENEZ
U.S. DISTRICT JUDGE